IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,285-01






EX PARTE RONALD SHIPP, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14,911 IN THE 294TH DISTRICT COURT


FROM VAN ZANDT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. Shipp v.
State, No. 12-94-00307-CR (Tex. App.-Tyler, July 28, 1995, no pet.). 

 Applicant contends, among other things, that he pleaded guilty with the understanding that
he would be able to appeal the trial court's ruling on his motion to suppress in cause number 14,703.
He contends, however, that trial counsel did not request that this motion be transferred to the instant
cause and that, as a result, the court of appeals affirmed his conviction, finding that no motions had
been filed in this cause. Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel advised Applicant that,
despite pleading guilty in the instant cause, he could appeal his motion to suppress in cause number
14,703 and, if so, whether counsel requested that this motion be transferred to the instant cause. The
trial court shall also make findings of fact as to whether counsel's advice to Applicant was deficient
and, if so, whether but for this advice Applicant would not have pleaded guilty and would have
insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Ex parte Morrow, 952 S.W.2d
530, 536 (Tex. Crim. App. 1997). The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 20, 2008

Do not publish